IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00660-MR

| | |
|---|---|
| **NIJEL RAMSEY LEE-BEY,**[1] ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **J. SHAVER, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. Also pending is Plaintiff's pro se Motion for Appointment of Counsel [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.     BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Pamlico Correctional Institution in 2014, and at the Lanesboro Correctional Institution in 2018.[2]

---

[1] According to the North Carolina Department of Public Safety's (NCDPS) website, the Plaintiff's name is Nijel R. Lee. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0688249&searchOffenderId=0688249&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Feb. 23, 2022); Fed. R. Evid. 201.

[2] The Plaintiff is presently incarcerated at the Scotland Correctional Institution.

[Doc. 1]. He names as Defendants: J. Shaver, a correctional officer at Pamlico CI; Victor Locklear, a disciplinary hearing officer (DHO) at Pamlico CI; FNU Abernathy, a correctional sergeant at Lanesboro CI; and Regina R. Hampton, a DHO at Lanesboro CI. The Plaintiff alleges that the Defendants violated NCDPS policy, and state and federal law. He seeks a declaratory judgment, preliminary and permanent injunctive relief, compensatory and punitive damages, and any additional relief the Court deems just, proper, and equitable. [Id. at 10].

The Plaintiff has also filed a Motion asking the Court to appoint counsel to represent him in this matter. [Doc. 8].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

**A. Pamlico CI Defendants**

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action

3

may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Further, a court may transfer a civil action to any district where the action might have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

The incidents involving Defendants Shaver and Locklear allegedly occurred, and the Defendants were employed, at the Pamlico CI, which is located in Pamlico County in the Eastern District of North Carolina. The Plaintiff presently resides at Scotland CI, which is located in Scotland County in the Middle District of North Carolina. Therefore, venue does not lie in this District with regard to the claims against Defendants Shaver and Locklear. The Court finds that transferring these claims to another district is not warranted because the 2014 incidents appear to be barred by the three-year statute of limitations, and abstention principles. See Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991) (Section 1983 claims arising in North Carolina are limited by the three-year statute of limitations for personal injury actions); Section (B), *infra*. Accordingly, the allegations against Defendants Shaver and Locklear are dismissed without prejudice.

4

Case 3:21-cv-00660-MR    Document 9    Filed 02/28/22    Page 4 of 13

## B. Lanesboro CI Defendants

The Plaintiff, who has been identified as a gang member/associate, claims that Defendant Abernathy violated the First Amendment by reading a legal document that the Plaintiff prepared for a civil lawsuit and presented for notarization, and by making "unauthorized copies" of the document after determining that it was gang-related. [Doc. 1 at 4-6].

As a general matter, prisoners have the First Amendment right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). For instance, a prisoner's First Amendment interest in corresponding does not preclude prison officials from examining mail to ensure that it does not contain contraband. Wolff v. McDonnell, 418 U.S. 539, 576 (1974). The Plaintiff has failed to plausibly allege that Defendant Abernathy violated his constitutional rights by reviewing a document that he, a listed gang member/associate prepared, for gang-related material. See id. ("freedom from censorship is not equivalent to freedom from inspection or perusal"); Altizer v. Deeds, 191 F.3d 540, 547-48 (4th Cir. 1999) (stating that, if inmates' outgoing mail could not be opened and inspected, "a prison official would never know that a letter contained the

very type of material that, according to the Supreme Court, could rightfully be censored, i.e., correspondence sent by an inmate that would be detrimental to the security, good order, or discipline of the institution; necessary for the protection of the public; or used to facilitate criminal activity"); Allah v. Va., No. 7:16-cv-00002, 2017 WL 1901650, at *4 (W.D. Va. May 9, 2017) (upholding prison practice of searching legal mail for gang writings by "reading . . . in sufficient detail to recognize" gang identifiers). Therefore, the Plaintiff's claim against Defendant Abernathy for interfering with his outgoing legal mail is dismissed without prejudice.

The Plaintiff also alleges that Defendant Abernathy deprived him of access to the courts by refusing to allow him to have the document notarized. [Doc. 1 at 6]. The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 F. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement

6

flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353). The Plaintiff has failed to explain how Defendant Abernathy impeded his access to the courts by refusing to allow him to have the document notarized. Nor does he allege that he suffered any actual injury as a result of Defendant Abernathy's actions. Accordingly, this claim is dismissed without prejudice.

The Plaintiff claims that Defendant Abernathy charged him with, and that Defendant Hampton found him guilty of, an "unfounded" disciplinary infraction for participating in gang activity, which the Plaintiff unsuccessfully opposed and appealed. [Doc. 1 at 6-8]. The Plaintiff received sanctions including the loss of 40 days of "credit time." [Id. at 7]. The Plaintiff seeks relief including the restoration of "all of the rights and privileges that the Plaintiff lost in relation to this issue." [Id. at 9].

The Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

7

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983</u>. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 485-87 (footnotes omitted; emphasis added). In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Supreme Court extended the <u>Heck</u> rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits. Here, if the Plaintiff were to prevail on his claim that the disciplinary charge was unfounded, that would necessarily imply the invalidity of the disciplinary conviction. <u>See, e.g.</u>, <u>Edwards</u>, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings). The Plaintiff, however, has not alleged that the disciplinary

8

conviction has been reversed or otherwise invalidated. Therefore, Plaintiff's claim appears to be barred by Heck, and it is dismissed.

The Plaintiff's allegations that Defendants Abernathy and Hampton violated NCDPS policy does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). For the reasons discussed *supra*, the Plaintiff has failed to establish that any constitutional violation occurred. Thus, the Plaintiff's allegations that the Defendants violated NCDPS policy are dismissed.

The Plaintiff seeks preliminary injunctive relief requiring the Defendants to remove his name from all gang-related government databases, and reverse and restore all of his rights and privileges. [Doc. 1 at 9]. Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury

9

Case 3:21-cv-00660-MR   Document 9   Filed 02/28/22   Page 9 of 13

and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. Here, the Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, the request for preliminary injunctive relief in the Complaint is denied.

### C. Supplemental Jurisdiction

The Plaintiff asserts North Carolina claims for libel and defamation of character for listing him as a gang member on government databases. [Doc. 1 at 9]. Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to

try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018); see § 1367(c)(3). A district court may also dismiss the related state claims if there is a good reason to decline jurisdiction. See § 1367(c)(1), (2), and (4).

Here, no federal claim has passed initial review. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's North Carolina libel and defamation of character claims at this time.

### D. Motion to Appoint Counsel

The Plaintiff asks the Court to appoint a lawyer to represent him because: he is unable to afford counsel and is proceeding in forma pauperis; his imprisonment will greatly limit his ability to litigate; the issues in the case are complex and will require significant research and investigation; Plaintiff has limited access to a law library and limited knowledge of the law; a trial will likely involve conflicting testimony; and counsel would be better able to present evidence and cross-examine witnesses.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional

11

circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and therefore, his Motion is denied.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The Complaint is dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Heck does not apply and to otherwise properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and

within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

3. The Plaintiff's Motion for Appointment of Counsel [Doc. 8] is **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff a blank § 1983 form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: February 28, 2022

Martin Reidinger
Chief United States District Judge