IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00660-MR

| | |
|---|---|
| **NIJEL RAMSEY LEE-BEY,**[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **J. SHAVER, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Pamlico Correctional Institution in 2014, and at the Lanesboro Correctional Institution in 2018.[2] [Doc. 1]. On February 28, 2022 the Complaint was dismissed without

---

[1] According to the North Carolina Department of Public Safety's (NCDPS) website, the Plaintiff's name is Nijel R. Lee. <u>See</u> https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0688249&searchOffenderId=0688249&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Feb. 23, 2022); Fed. R. Evid. 201.

[2] The Plaintiff is presently incarcerated at the Scotland Correctional Institution.

prejudice on initial review for failure to state a claim upon which relief can be granted, and the Plaintiff was given 30 days to file an amended pleading. [Doc. 9]. On March 27, 2022,[3] the Plaintiff filed the Amended Complaint [Doc. 10], which is now before the Court for initial review.

The Plaintiff again names as Defendants: FNU Abernathy, a correctional sergeant at Lanesboro CI; FNU Germany, a correctional officer at Lanesboro CI; and Regina R. Hampton, a disciplinary hearing officer (DHO) at Lanesboro CI. He adds as new Defendants: Kenneth Lassiter, the former North Carolina Department of Public Safety (NCDPS) director of prisons; and Shannon R. Burke, an NCDPS notary public. The Plaintiff reasserts claims that the Defendants improperly read and photocopied his legal mail; violated his right to access the courts; and improperly imposed disciplinary sanctions. [Doc. 10 at 13-15, 17-18]. He also asserts new retaliation claims. [Id. at 15-16, 18]. He seeks a declaratory judgment, compensatory and punitive damages, the costs of this action, and any additional relief the Court deems just, proper, and equitable. [Id. at 19-20].

---

[3] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying the prisoner mailbox rule to a § 1983 case).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, the Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants for damages in their official capacities do not survive initial review and are dismissed with prejudice.

First, the Plaintiff claims that Defendant Abernathy violated the First Amendment by reading a "Poverty Affidavit" that the Plaintiff presented for

4

notarization, and having Defendant Burke make "unauthorized photocopies" after determining that the document was gang-related.[4]  [Doc. 10 at 14-15]. These allegations fail to state a claim upon which relief can be granted and are dismissed for the reasons set forth in the Order on initial review of the Complaint.  [Doc. 9 at 5-6].

Second, the Plaintiff alleges that the Defendants deprived him of access to the courts by refusing to allow him to have the Poverty Affidavit notarized, and by placing him in segregation following his disciplinary conviction.  [Doc. 10 at 14-15, 18].  He claims that notarization was required "to prove [his] inability to pay the filing fees required to pursue his civil suit in court;" that he "could not pursue his lawsuit" in segregation; and that, as a result of the foregoing, he "was not able to pursue his civil suit in a timely manner before the expiration of the statute of limitations."  [Id. at 5, 14, 18]. He further claims that he filed an emergency grievance with Defendant Lassiter, who failed to respond in accordance with prison policy to protect Plaintiff's right to access the courts.  [Id. at 18].

The Plaintiff has failed to demonstrate that the civil lawsuit involved a nonfrivolous legal claim.  Further, he has failed to sufficiently allege that the Defendants' actions caused him any actual injury.  For instance, he does not

---

[4] The Plaintiff notes that the original was returned to him.  [Id. at 14].

5

assert that he could not have timely filed the lawsuit without having the Poverty Affidavit notarized; that he could not have filed his lawsuit before he was placed in segregation or after his release from segregation; or that he attempted to file the lawsuit and it was rejected for lack of notarization or as time-barred. Further, the alleged violations of prison policy and grievance procedures, standing alone, are not cognizable under § 1983. [See Doc. 9 at 9]; Booker v. S.C. Dep't of Corr., 885 F.3d 533, 541 (4th Cir. 2017) ("An inmate … cannot bring a § 1983 claim alleging denial of a specific grievance procedure."). Accordingly, the Plaintiff's access to courts claims are dismissed for failure to state a claim upon which relief can be granted. [See Doc. 9 at 6-7].

Third, the Plaintiff again claims that he was improperly charged with, and found guilty of, gang activity with regard to the document he attempted to have notarized. [Doc. 10 at 15-16]. The Court previously informed the Plaintiff that this claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), and instructed him that his Amended Complaint must show that Heck does not apply. [Doc. 9 at 7-9, 12]. The Plaintiff has failed to do so and, accordingly, this claim is dismissed for the reasons previously discussed. [Id.].

Fourth, the Plaintiff claims that the Defendants retaliated against him for attempting to prosecute a civil lawsuit against other NCDPS employees whom the Defendants "likely know." [Doc. 10 at 15-19]. The Plaintiff appears to claim that Defendants Abernathy and Burke refused to notarize his Poverty Affidavit and asserted a false disciplinary charge against him [id. 15-16]; that Defendant Hampton found him guilty of the false disciplinary charge [id. at 18]; and that Defendants Germany and Hampton placed him in segregation so that he could not pursue his lawsuit [id.].[5]

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his

---

[5] This claim is vague and confusing insofar it refers to "Defendants" rather than specifying the Defendant(s) to whom each allegation applies. [Doc. 10 at 14-16, 18]. The Plaintiff does not appear to assert a retaliation claim against Defendant Lassiter, whose only apparent involvement in the case was having a grievance addressed to him about access to the courts.

7

protected activity and the defendant's conduct." Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citing Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017); quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). The same-decision test applies to determining the causation element of a prisoner's retaliation claim. Id. Once the prisoner-plaintiff shows that his "protected conduct was a substantial motivating factor in a prison guard's decision to take adverse action," the burden then shifts to the defendant to prove a permissible basis for taking that action. Id. at 300. Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

The Plaintiff's allegations that Defendants Abernathy and/or Burke retaliated against him for attempting to sue NCDPS employees whom they may know, are too conclusory to state a claim. See Adams, 40 F.3d at 74. He fails to plausibly allege that the refusal to notarize his legal document, the assertion of disciplinary charges, or any other action was causally related to, or substantially motivated by, his protected conduct rather than by the document's gang-related content. His conclusory allegations that

8

Defendants Hampton and Germany assisted in the retaliation by finding him guilty of the disciplinary charges and placing him in segregation are likewise conclusory and fail to plausibly show a causal link between his protected activity and any adverse action. Moreover, a disciplinary conviction was already in place at the point when the Plaintiff was taken to segregation such that he cannot demonstrate how any First Amendment activity was causally related to, or was a substantial motivating factor, in the decision to take him to segregation. Therefore, the retaliation claim is dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is frivolous, fails to state a claim upon which relief can be granted, and seeks monetary relief from an immune party.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** on initial review under 28 U.S.C. §§ 1915A and 1915(e) for the reasons stated in this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge